UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER R. ELY, | ) | NO. CV 12-5266-JFW (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| LINDA T. McGREW, Warden, | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the magistrate judge.[1] Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. Except as noted below, the Court accepts the findings and recommendation of the magistrate judge.

Petitioner challenges a disciplinary hearing.

Petitioner states that the Report's finding of the imposed sanctions are incorrect. (Objections at 2.) The Report stated that Petitioner forfeited 40 days of good conduct time and 180 days of Commissary, and was given 60 days of

---

[1] The magistrate judge was Oswald Parada who has since retired.

disciplinary segregation. (Report at 6.) Petitioner states that, in total, based on three violations, he lost 114 days of good conduct time, 60 days of Commissary, 18 months of telephone privileges, 18 months of "Trulincs" (electronic messaging), and was given 15 days of disciplinary segregation. (Objections at 3.) Petitioner is correct. (Answer, Boyce Decl.,[2] ¶ 17 & Ex. F at 206.) However, Petitioner does not argue that the mistake in the report was material to his due process claims.

Petitioner also contends that the Report is inherently contradictory on the issue of his right to call witnesses on his behalf. (Objections at 4.) Petitioner wanted to obtain the testimony of two female victims. (Report at 10.) The DHO denied the request because both victims were underage, and their age was not disputed. Thus, their testimony was unnecessary. (*Id.* (citing Boyce Decl., ¶ 12c & Ex. F).) The Report's finding is supported by the DHO's declaration. It is partly supported by Ex. F at 204, although the language is in the singular, not the plural. This difference in language appears to be Petitioner's objection ("The Magistrate appears to ignore that Boyce made it clear that he was speaking of only one of the two alleged victims."). Petitioner's objection is again immaterial. As the Report stated, Petitioner argued that only one of the victims was not underage. However, he did not dispute that the other victim *was* underage. (Report at 10 n.7.) The sanction imposed for the violation involving the underage victim was "not to contact that person." (Ex. F at 201.) In any event, it is a sanction Petitioner may not challenge on habeas. *See Alonso-Castro v. Logan*, 2014 WL 2206381, *4 (C.D. Cal. May 22, 2014) ("[P]etitioner's claim regarding Incident Report 2448358 is not cognizable in a § 2241 habeas action because the penalty at issue—the loss of commissary privileges—does not implicate the length or execution of his sentence, but only the conditions of his confinement."); *Garcia-*

---

[2] Boyce was the hearing officer ("DHO").

1 *Cortez v. Sanders*, 2013 WL 2417973, *12 (C.D. Cal. May 31, 2013) (same with
2 respect to commissary, telephone and visiting privileges).
3     Petitioner's remaining objections are without merit.
4     IT IS ORDERED that judgment be entered denying the petition and
5 dismissing this action with prejudice.

7 DATED: August 12, 2014
8                                         JOHN F. WALTER
                                        United States District Judge